Eileen TUBBESING, Plaintiff,

v.

John Fox ARNOLD, Al Bauer, Ann R. Ruwitch, Catherine Rea, individually and as members constituting the Board of Election Commissioners for St. Louis County, Missouri, Defendants.

No. 82–0735C(3).

United States District Court, E.D. Missouri, E.D.

Aug. 11, 1983.

* Of the U.S. Court of Appeals, Second Circuit, sitting by designation.

Louis S. Czech and Herbert K. Hoffman, Clayton, Mo., for plaintiff.

Kenneth M. Romines, Clayton, Mo., for defendants.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on various pretrial motions.

■ Plaintiff filed her interrogatories on April 18, 1983, and her motion to produce documents on April 22, 1983. Defendants filed their objections to plaintiff's requests on April 21, 1983. Defendants filed the same objection to each and every discovery request. Each objection made a general statement that the request was posed in the "negative pregnant" and "shifted the burden of proving the case from plaintiff to defendants." Such objections are not prop-

erly specific. Plaintiff first responded to defendants' objections on April 26, 1983, and then filed a motion to compel on July 11, 1983. A party is entitled to discover "*any* matter, not privileged which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b). In light of the defendants' objections and the broad scope of the federal discovery rules, the Court finds that plaintiff's requests are within the scope of discoverable information under Fed.R.Civ.P. 33(b) and 34(a).

Accordingly, defendants are ordered to comply with plaintiff's discovery requests on or before August 17, 1983. Fed.R.Civ.P. 37(a)(2). Unless defendants timely comply with this Court's order, the Court will consider the imposition of appropriate sanctions against defendants pursuant to Fed.R. Civ.P. 37(b)(2).

■ On July 15, 1983, defendants filed a motion for sanctions against plaintiff for failure to disclose the identity of plaintiff's expert witnesses. No motion to compel appropriate interrogatory responses was filed, and therefore the motion is premature. Fed.R.Civ.P. 37(b)(2). Nevertheless, defendants' motion will be denied as moot because plaintiff has supplied the requested information in her amended answers to defendants' interrogatories filed June 30, 1983.

■ On June 3, 1983, defendants filed a motion for summary judgment. In their motion, defendants assert substantially the same allegations asserted in their motion to dismiss which this Court denied on December 7, 1982.

Specifically, defendants claim they are entitled to judgment because plaintiff has not alleged a protected property right under the United States Constitution that would entitle her to a hearing prior to termination from employment. Defendants further claim they are protected by a qualified immunity which shields them as public officials.

However, factual issues clearly remain in dispute regarding whether or not plaintiff

had a property interest in continued employment and the right to procedural due process prior to termination. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1974). Further factual questions remain as to whether the defendants, even if protected by qualified immunity, acted with malice or recklessness so as to preclude them from such immunity.

Because genuine issues of material fact remain in dispute, the Court will deny defendants' motion for summary judgment. Fed.R.Civ.P. 56(c); *Goodman v. Parwatikar,* 570 F.2d 801, 803 (8th Cir.1978).